United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GALINA SEEBROOK; MARIA ISABEL BELTRAN; NICOLLE DISIMONE; and KRISTEN HARTMAN,

    Plaintiffs,

  v.

THE CHILDREN'S PLACE RETAIL STORES, INC.,

    Defendant.

_____/

No. C 11-837 CW

ORDER DIRECTING PARTIES TO FILE A JOINT LETTER BRIEF

    On May 14, 2013, Plaintiffs Galina Seebrook, Maria Isabel Beltran, Nicolle DiSimone, Kristen Hartman and Mario Arellano filed a motion for preliminary approval of the revised class action settlement in this case. Docket No. 65. The proposed settlement would provide both coupon and injunctive relief to class members.

    On May 15, 2013, the Ninth Circuit Court of Appeals issued a ruling in In re HP Inkjet Printer Litigation, 2013 U.S. App. LEXIS 9744, reversing the district court's grant of final approval to a class action settlement and award of attorneys' fees for violation of the coupon settlement provision of Class Action Fairness Act (CAFA), 28 U.S.C. § 1712. The court clarified that, under § 1712(c), which in part incorporates § 1712(a), the "general rule" is, "If a settlement gives coupon and equitable relief and the district court sets attorneys' fees based on the value of the entire settlement, and not solely on the basis of injunctive relief, then the district court must use the value of the coupons

1 redeemed when determining the value of the coupons part of the
2 settlement." Id. at *32.  The court stated, "Because the
3 settlement agreement specifies that no coupons may issue until
4 after entry of a final judgment, it would have been impossible for
5 the district court to calculate the redemption value of the
6 coupons as required by § 1712(a)." Id. at *39.
7     Under In re HP Inkjet Printer Litigation, it appears that,
8 unless counsel bases its request for attorneys' fees solely upon
9 the equitable relief obtained, the Court will be unable to resolve
10 fully the issue of attorneys' fees until after the redemption
11 period for the coupons has passed.  Further, the agreement here
12 has a similar provision to the one at issue in that case. See
13 Stonebarger Decl., Ex. 1 (Settlement Agreement) ¶¶ 1.12, 3.12
14 (providing that Defendant will distribute the merchandise
15 certificates as soon as practicable, but no more than sixty days,
16 after the "Final Settlement Date," a date that is defined to
17 necessarily take place after the entry of judgment).  However, the
18 Settlement Agreement here also appears to allow the Court to
19 approve or change any dates or time periods that it sets forth.
20 Id. at ¶ 5.3.  Thus, in order to comply with the dictates of In re
21 HP Inkjet Printer Litigation, the Court is inclined to consider
22 first the final approval of the settlement agreement but to wait
23 to consider separately the motion for attorneys' fees until after
24 the coupons have been distributed and the redemption period has
25 passed.
26     The Court also notes that the parties have not changed
27 certain terms of the settlement that the Court expressed concern
28 with at the prior hearing, including that there is no monetary

2

recovery given directly to the class, such that the class members must conduct further business with Defendant in order to obtain any benefit; the coupons given cannot be used in conjunction with other discounts or sales, which reduces their value to the class members; and the coupons cannot be used on Defendant's website, so the class members must travel to Defendant's stores in order to use them online. Notwithstanding these concerns, the Court is inclined to find that, other than the issue under CAFA, the settlement falls within the range of possible approval as fair, adequate and reasonable, such that notice to the Class Members is appropriate, and grant Plaintiffs' motion for preliminary approval.

The parties shall meet and confer on the CAFA issue. Within seven days of the date of this Order, the parties shall file a joint letter brief responding to this Order. The parties shall address the issue raised by the Court under In re HP Inkjet Printer Litigation and whether the Court has the authority under the settlement agreement to make the change that it has proposed. They also may explain why that decision is not applicable to the fees motion here or suggest another possible resolution to the issue.

The Court notes that, because the ultimate award for attorneys' fees may be lower than the parties had anticipated during their negotiations due to the subsequent Ninth Circuit opinion, Defendant may be willing to renegotiate the recovery made available to class members to address some of the Court's concerns about the structure of this settlement. If the parties believe that further negotiation is warranted at this time, in lieu of the

3

joint letter brief addressed above, the parties may file a status report with the Court within seven days of the date of this Order providing proposed deadlines for the additional settlement discussions and for the joint letter brief or a motion for preliminary approval of a further revised settlement agreement.

IT IS SO ORDERED.

Dated: 5/23/2013

CLAUDIA WILKEN
United States District Judge