1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GALINA SEEBROOK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware corporation,<br><br>Defendant. | Consolidated Case No. 11-cv-00837-CW<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**<br><br>Judge:     Claudia Wilken<br>Location: Courtroom 2 |
| MARIA ISABEL BELTRAN, an individual, on behalf herself and of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 11-cv-01664-CW |

**[PROPOSED] ORDER GRANTING
PRELIM. APPROVAL OF CLASS
SETTLEMENT & PROV. CLASS CERT.**

| | | |
|---|---|---|
| 1 | NICOLLE DiSIMONE, individually, and on behalf of all others similarly situated, | Case No. 11-cv-02223-CW |
| 2 | | |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware corporation, and DOES 1 – 500, | |
| 6 | | |
| 7 | Defendants. | |
| 8 | KRISTEN HARTMAN, an individual, on behalf of herself and all others similarly situated, | Case No. 11-cv-02604-CW |
| 9 | | |
| 10 | Plaintiffs, | |
| 11 | v. | |
| 12 | THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware Corporation, and DOES 1 through 50, inclusive | |
| 13 | | |
| 14 | Defendants. | |
| 15 | MARIO ARELLANO, on behalf of a class of similarly situated individuals, and himself individually, | Case No. 12-cv-00803-CW |
| 16 | | |
| 17 | | |
| 18 | Plaintiff, | |
| 19 | v. | |
| 20 | THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware corporation, d/b/a The Children's Place; and DOES 1 through 25, inclusive, | |
| 21 | | |
| 22 | Defendants. | |

-1-

[PROPOSED] ORDER GRANTING PRELIM. APPROVAL OF CLASS SETTLEMENT & PROV. CLASS CERT.

Plaintiffs Galina Seebrook, Maria Isabel Beltran, Nicolle DiSimone, Kristen Hartman, and Mario Arellano ("Plaintiffs") have filed an unopposed motion for preliminary approval of class settlement and provisional class certification under Rule 23(e) of the Federal Rules of Civil Procedure filed by.  This Court reviewed the motion, including the Settlement Agreement and Release ("Agreement"), and takes it under submission on the papers.  Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1. Unless otherwise specified, defined terms in this Order have the same definition as the terms in the Agreement.

2. The Agreement was the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to the proposed representatives of the Class or segments of the Class, and is within the range of reasonableness;

3. The Full Notice, Store Notice, Summary Email Notice, Summary Notice, and Claim Form (all attached to the Agreement) comply with due process because the notices and form are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement;

4. The Class (defined below) is so numerous that joinder of all Class members is impracticable;

5. Plaintiffs' claims are typical of the Class' claims;

6. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members; and

7. Class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

8. **Settlement Approval**.  The Agreement, including the Full Notice, Store Notice, Summary Email Notice, Publication Notice, and Claim Form, attached to the Agreement as Exhibits B through E are preliminarily approved, provided that the following changes are made:

       (a) A statement shall be added to the Summary Email Notice and Publication Notice, similar to that which appears in the Full Notice, to inform Class Members that the date or time of the Fairness Hearing may be changed without notice to the Class and that any such changes will be posted on the Settlement Website.

9. **Provision of Class Notice**. Defendant The Children's Place Retail Stores, Inc. ("Children's Place" or "Defendant") will notify class members of the settlement in the manner specified under Paragraph 3.3 of the Agreement. Defendant will pay all costs associated with claims administration and providing notice to Class Members. No later than seven (7) calendar days before the filing date of Plaintiff's application or motion in support of the Final Approval Order and Judgment, Defendant is to provide Plaintiffs with a declaration or declarations confirming that the notice has been provided in accordance with Paragraph 3.3 of the Agreement.

10. **Claims Administrator**. The Garden City Group, Inc. is appointed as the Claims Administrator.

11. **Claim for Merchandise Certificate**. Class Members who do not receive email notice as provided in Paragraph 3.3 (c) of the Agreement and want to receive a Merchandise Certificate under the Agreement must accurately and completely fill out a Claim Form and submit it through the Internet website maintained by the Claims Administrator or by U.S. mail to the Claims Administrator no later than one-hundred-five (105) calendar days from the entry of this Order or through the date of entry of the Final Approval Order and Judgment. The delivery date for the Claim Form is deemed to be the date (a) the form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. mail, or (b) in the case of submission through the Settlement Website, the date the Claims Administrator receives the Claim Form, as evidenced by the transmission receipt. Class Members who receive email notice as provided in Paragraph 3.3 (c) of the Agreement are not required to make a claim to receive a Merchandise Certificate under the Agreement.

12. **Request to Opt Out of Marketing Communications**. Class Members who are sent Summary Email Notice as provided in Paragraph 3.3 (c) of the Agreement and who want to cease receiving marketing communications from Defendant must follow the instructions in the

1  Summary Email Notice to inform Children's Place that they wish to opt-out of receiving future
2  marketing communications. Class Members who are not sent Summary Email Notice as provided
3  in Paragraph 3.3 (c) of the Agreement and who want to cease receiving marketing
4  communications from Defendant must follow the instructions in the Claim Form to inform
5  Children's Place that they wish to opt-out of receiving future marketing communications.

6         13.  **Objection to Settlement**.  Class Members who have not submitted a timely
7  written exclusion request pursuant to Paragraph 15 below and who want to object to the
8  Agreement must file a written objection and/or a Notice of Intention to Appear with the Court,
9  and serve copies on Class Counsel and Defendant's Counsel no later than ninety (90) calendar
10  days after entry of this Order. The Objection must state: (a) the name of the Action, "*Seebrook,*
11  *et al. v. The Children's Place Retail Stores, Inc.*, N.D. Cal. Consolidated Case No. 11-CV-00837-
12  CW"; (b) the full name, address, and telephone number of the person objecting, (c) a statement
13  that the person is a Class Member; (d) the words "Notice of Objection" or "Formal Objection";
14  (e) in clear and concise terms, the legal and factual arguments supporting the objection; and
15  (f) whether the person intends to appear to speak at the Fairness Hearing. If the objection is
16  presented through an attorney, the written objection must also include: (a) the identity and
17  number of Class Members represented by objector's counsel; (b) the number of such represented
18  Class Members who have opted out of the Settlement; and (c) the number of such represented
19  Class Members who have remained in the Settlement and have not objected. The objection will
20  not be valid if it only objects to the lawsuit's appropriateness or merits. Class Counsel and/or
21  Defendant's Counsel may also seek an order from the Court requiring objecting Class Members
22  make themselves available for deposition by Class Counsel and/or Defendant's Counsel between
23  the time the objection is filed and the date of the Fairness Hearing. The objecting Class Member
24  will also be required to provide the date(s) when the objecting Class Member will so present for
25  deposition. The deposition cannot be further than one hundred (100) miles from where that
26  objecting Class Member resides, is employed, or regularly conducts business in person. Any
27  Class Member who files and serves a written objection, as described in this Paragraph, may
28  appear at the Fairness Hearing, either in person or through personal counsel hired at the Class

Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of Attorneys' Fees. Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing, must deliver to Class Counsel and Defendants' Counsel, and file with the Court, no later than ninety (90) calendar days after entry of this Order, a Notice of Intention to Appear. The Notice of Intention to Appear must: (a) state how much time the Class Member and/or their attorney anticipates needing to present the objection; (b) identify, by name, address, telephone number and detailed summary of testimony, all witnesses the Class Member and/or their attorney intends to present any testimony from; and (c) identify all exhibits the Class Member and/or their attorney intends to offer in support of the objection and attach complete copies of all such exhibits. Class Members who fail to make objections in this manner will be deemed to have waived any objections and will be foreclosed from making any objections (whether by a subsequent objection, intervention, appeal, or any other process) to the Agreement. Only Class Members who file and serve timely Notices of Intention to Appear may speak at the Fairness Hearing.

14. **Failure to Object to Settlement.** Class members who fail to object to the Agreement in the manner specified above will: (a) be deemed to have waived their right to object to the Agreement; (b) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Agreement; and (c) not be entitled to speak at the Fairness Hearing.

15. **Requesting Exclusion**. Class members who want to be excluded from the settlement must send a letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action, "*Seebrook, et al. v. The Children's Place Retail Stores, Inc.*, N.D. Cal. Consolidated Case No. 11-CV-00837-CW"; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that the person is a Class Member and wishes to be excluded from the Class, postmarked no later than ninety (90) calendar days after entry of this order. Defendant is to provide the Parties a list of Class members who have timely and validly excluded themselves from the Class no later than seven (7) calendar days before the filing date for Plaintiffs' unopposed motion in support of the Final Approval Order and Judgment.

16. **Provisional Certification**. The Class is provisionally certified as a class of all persons who between February 17, 2010 and the date of entry of this order purchased merchandise from a California The Children's Place Retail Stores, Inc. store, used a credit card to make the purchase(s), and whose personal identification information, including, but not limited to, any telephone number or email address, was requested and recorded by Children's Place. Excluded from the Class are The Children's Place Retail Stores, Inc., its subsidiaries and affiliates, and the officers, directors, employees, legal representatives, successors, or assigns of any such excluded persons or entities.

17. **Appointment of Class Representative and Class Counsel**. Plaintiffs are conditionally certified as the Class Representatives to implement the Parties' settlement in accordance with the Agreement. Hoffman, Libenson, Saunders & Barba; Patterson Law Group, APC; Ridout & Lyon, LLP; Qualls & Workman, LLP; Stonebarger Law, APC; and the Law Office of Sunil A. Brahmbhatt, PLC are appointed as Class Counsel. Plaintiffs and Class Counsel must fairly and adequately protect the Class's interests.

18. **Termination**. If the Agreement terminates for any reason, the following will occur: (a) Class certification will be automatically vacated; (b) Plaintiffs will revert to functioning as a putative class representative as if no class had been certified; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Agreement. This Order will not waive or otherwise impact the Parties' rights or arguments.

19. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

20. **Stay of Dates and Deadlines**. All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Agreement and this Order.

21. **Fairness Hearing**. On Thursday, November 7, 2013, at 2:00 p.m., this Court will hold a Fairness Hearing to determine whether the Agreement should be finally approved as fair, reasonable, and adequate. Class Counsel's attorneys' fee application must be filed no later than

1 twenty-one (21) calendar days before the deadline for Class Members to object to the settlement. Defendant must post a copy of the Class Counsel's attorneys' fee application on the Settlement Website within two (2) calendar days of being filed with the Court. All papers supporting Final Approval of the Agreement must be filed no later than twenty-one (21) calendar days before the Fairness Hearing. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, Defendant will be required to provide notice of the new date of the Fairness Hearing on the Settlement Website within one (1) calendar day.

DATED:  June 19, 2013

_____
UNITED STATES DISTRICT COURT JUDGE