1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| GALINA SEEBROOK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware corporation,<br><br>Defendant. | Consolidated Case No. 11-cv-00837-CW<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**<br><br>Judge:     Claudia Wilken<br>Location:  Courtroom 2 |
|---|---|
| MARIA ISABEL BELTRAN, an individual, on behalf herself and of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 11-cv-01664-CW |

| | | |
|---|---|---|
| 1 | | |
| 2 | NICOLLE DiSIMONE, individually, and on behalf of all others similarly situated, | Case No. 11-cv-02223 |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware corporation, and DOES 1 – 500, | |
| 6 | Defendants. | |
| 7 | KRISTEN HARTMAN, an individual, on behalf of herself and all others similarly situated, | Case No. 11-cv-02604-CW |
| 8 | | |
| 9 | Plaintiffs, | |
| 10 | v. | |
| 11 | THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware Corporation, and DOES 1 through 50, inclusive | |
| 12 | Defendants. | |
| 13 | | |
| 14 | MARIO ARELLANO, on behalf of a class of similarly situated individuals, and himself individually, | Case No. 12-cv-00803-CW |
| 15 | | |
| 16 | Plaintiff, | |
| 17 | v. | |
| 18 | THE CHILDREN'S PLACE RETAIL STORES, INC., a Delaware corporation, d/b/a The Children's Place; and DOES 1 through 25, inclusive, | |
| 19 | | |
| 20 | Defendants. | |

-2-    [PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

On November 7, 2013, this Court heard the motion for final approval of the class action settlement filed by plaintiffs Galina Seebrook, Maria Isabel Beltran, Nicolle DiSimone, Kristen Hartman, and Mario Arellano ("Plaintiffs").  This Court reviewed: (a) the motion and the supporting papers, including the Settlement Agreement and Release ("Agreement"); (b) any objections filed with or presented to the Court; (c) the parties' responses to any objections; and (d) counsels' arguments.  Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1. Unless otherwise specified, defined terms in this Order have the same definition as the terms in the Agreement.

2. This Court has jurisdiction over the subject matter of this Action, all parties to the Action, and all Class Members who have not timely and validly requested exclusion.

3. The parties adequately performed their obligations under the Agreement.

4. Defendant The Children's Place Retail Stores, Inc. ("Children's Place" or "Defendant") provided notice to class members in compliance with Paragraph 3.3 of the Agreement, and the notice satisfied due process and Rule 23(e) of the Federal Rules of Civil Procedure.  The notice: (i) fully and accurately informed class members about the lawsuit and settlement; (ii) provided sufficient information so that class members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement; (iii) provided procedures for class members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date and place of the final fairness hearing.

5. The Court finds that Defendant has complied with 28 U.S.C. § 1715(b) and in accordance with 28 U.S.C. § 1715(d) notice was provided to the appropriate federal and state officials more than ninety (90) days before the hearing on Plaintiffs' motion.

6. For the reasons stated at the hearing on November 7, 2013 and in the Preliminary Approval of Class Settlement and Provisional Class Certification Order, and having found nothing

that would disturb these previous findings, this Court finds and determines that the proposed settlement Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3).

7. Upon review of the record, the Court hereby finds that the terms and provisions of the Agreement have been entered into in good faith and are fair, reasonable, and adequate as to, and in the best interest of, each of the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.  The Court also finds that approval of the Agreement is supported by the fact Plaintiffs have sufficient information to settle the action, counsel for the parties are experienced and support the settlement, and that the monetary and non-monetary terms of the Settlement reflect substantial benefits to the Class.

8. The Court further finds that extensive arm's-length negotiations have taken place, in good faith, between Class Counsel and Children's Place's Counsel resulting in the Agreement. Parts of these negotiations were presided over by the experienced mediator Hon. Edward A. Infante (ret.).

9. An award to the law firms of Hoffman, Libenson, Saunders & Barba; Patterson Law Group, APC; Ridout & Lyon, LLP; Qualls & Workman, LLP; Stonebarger Law, APC; and the Law Office of Sunil A. Brahmbhatt, PLC ("Class Counsel") of $335,000.00 (total) for attorneys' fees and costs is fair and reasonable in light of the nature of the case, work performed, Class Counsels' experience, and the benefits obtained for the class.

10. The Court used the lodestar method to calculate the attorneys' fees award.  Using the lodestar method, the Court finds that Class Counsel's hours and expenses were reasonable.

11. An incentive award to each of Plaintiffs Galina Seebrook, Maria Isabel Beltran, Nicolle DiSimone, Kristen Hartman, and Mario Arellano of $2,750.00 is fair and reasonable in light of Plaintiffs' risks (including financial, professional, and emotional) in commencing this action as the Class Representatives, the time and effort spent by Plaintiffs in litigating this action as the Class Representatives, and Plaintiffs' public interest service.

**IT IS ORDERED THAT:**

1. **Class Members**.  The class members are defined as:

    All persons who between February 17, 2010 and June 19, 2013 purchased merchandise from a California The Children's Place Retail Stores, Inc. store, used a credit card to make the purchase(s), and whose personal identification information, including, but not limited to, any telephone number or email address, was requested and recorded by Children's Place.  Excluded from the Class are The Children's Place Retail Stores, Inc., its subsidiaries and affiliates, and the officers, directors, employees, legal representatives, successors, or assigns of any such excluded persons or entities.

2. **Binding Effect of Order**.  This order applies to all claims or causes of action settled under the Agreement, and binds all class members, including those who did not properly request exclusion under Paragraph 15 of the Preliminary Approval of Class Settlement and Provisional Class Certification Order.  This order does not bind persons who filed timely and valid Requests for Exclusions.  Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

3. **Release**.  Plaintiffs and all class members who did not properly request exclusion are: (1) deemed to have released and discharged Defendant from all claims arising out of or asserted in this action and claims released under the Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in paragraphs 4.2 and 4.3 of the Agreement and are specifically incorporated herein by this reference.

4. **Class Relief**.  Defendant will issue a single Merchandise Certificate to each class member who was either sent notice by email pursuant to paragraph 3.3 (c) of the Agreement or submitted a valid and timely claim form as provided in paragraph 3.5 of the Agreement pursuant to the timeline stated in Paragraph 3.12 of the Agreement.

5. **Attorneys' Fees and Costs**. Class Counsel are awarded $335,000.00 (total). Defendant must pay Class Counsel this amount according to the manner and timeline set forth in Paragraph 2.5 of the Agreement.

6. **Incentive Award**. Plaintiffs Galina Seebrook, Maria Isabel Beltran, Nicolle DiSimone, Kristen Hartman, and Mario Arellano are each awarded $2,750.00 as an incentive award. Defendant must pay Plaintiffs this amount according to the timeline set forth in Paragraph 2.4 of the Agreement.

7. **Court's Jurisdiction**. As stated in the concurrently filed Final Judgment, this Action, including all of the individual and class claims included therein, is hereby dismissed on the merits and with prejudice. Pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties until final performance of the Settlement Agreement.

DATED: 12/4/2013

_____
UNITED STATES DISTRICT COURT JUDGE