1

2

3

4                        IN THE UNITED STATES DISTRICT COURT

5                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    GALINA SEEBROOK; MARIA ISABEL           No. C 11-837 CW
     BELTRAN; NICOLLE DISIMONE; and
8    KRISTEN HARTMAN,                        ORDER GRANTING
                                             PLAINTIFFS' MOTION
9              Plaintiffs,                    FOR ATTORNEYS'
                                             FEES (Docket No.
10        v.                                 74)

11   THE CHILDREN'S PLACE RETAIL
     STORES, INC.,
12
               Defendant.
13
     _____/
14
          Before the Court is Plaintiffs' motion for attorneys' fees,
15
     expenses and incentive award payments.  The Court ordered
16
     supplemental briefing on the effect of the Ninth Circuit's recent
17
     decision in In re HP Inkjet Printer Litigation, 716 F.3d 1173 (9th
18
     Cir. 2013), on this settlement.  Having considered all of the
19
     parties' papers and oral argument on the motion, the Court GRANTS
20
     Plaintiffs' motion.
21
                               DISCUSSION
22
          A.   Whether the Settlement Agreement is a Coupon
23                  Settlement Under CAFA

24        The terms of the settlement provide that class members

25   receive the choice of a ten dollar gift certificate with no

26   minimum purchase required or a thirty-five percent off voucher at

27   Defendant The Children's Place Retail Stores, Inc.  At issue is

28   whether the settlement qualifies as a coupon settlement, thus

triggering the provisions of 28 U.S.C. § 1712, the Class Action Fairness Act (CAFA).

In Inkjet, the Ninth Circuit addressed the calculation of attorneys' fees in the context of a coupon settlement under CAFA. The court held that, under § 1712(c), "If a settlement gives coupon and equitable relief and the district court sets attorneys' fees based on the value of the entire settlement, and not solely on the basis of injunctive relief, then the district court must use the value of the coupons redeemed when determining the value of the coupons part of the settlement." Id. at 1184.

Although CAFA defines various terms, it does not define what constitutes a "coupon." See 28 U.S.C. § 1711. "Courts have often blurred the distinction between 'coupons' and 'vouchers' and have considered, at times, that the terms are equivalent . . . . The distinction between a coupon and a voucher is that a coupon is a discount on merchandise or services offered by the defendant and a voucher provides for free merchandise or services." Foos v. Ann, Inc., 2013 WL 5352969, *4 (S.D. Cal.).

In the present case, the thirty-five percent discount at The Children's Place Retail Stores is indisputably a coupon. At issue is whether the ten dollar merchandise certificate provided in the alternative by the settlement is a coupon. See Foos, 2013 WL 5352969 at *7 (noting that "coupon settlement" is not defined in CAFA and finding that the option of a coupon does not "transform a class action settlement into a coupon settlement under CAFA"). The parties contend that, whereas the Inkjet settlement provided non-transferable "e-credits" in the amount of two to six dollars, the settlement here provides a transferable ten dollar merchandise

certificate without a minimum purchase amount.  Moreover, the parties note that "[m]ore than 50% of the merchandise at California Children's Place stores is priced for purchase at $10 or less."  Parties' Joint Letter Brief, Docket No. 72 at 2.  In contrast, the parties argue that, in Inkjet, nothing could be obtained for the coupon amounts.  Id.  The Inkjet court further noted evidence that the prices charged on the defendant's website --"the only retailer that will accept the settlement coupons--are higher than those charged by other retailers."  716 F.3d at 1179 n.6.

Other courts have found that CAFA does not apply to settlements that offer vouchers for free products.  Such cases distinguish vouchers from discounts on products where class members are forced to purchase the products and pay the difference between the full and coupon-discounted price.  Foos, an extremely similar case, recently assessed a settlement in which class members were given the option of a fifteen dollar certificate and a discount at the defendant store.  The court found that this did not constitute a coupon settlement because class members "have the opportunity to receive free merchandise, as opposed to merely discounted merchandise."  Foos, 2013 WL 5352969, at *3.  Employing similar reasoning, the court in Browning v. Yahoo! Inc., 2007 WL 4105971 (N.D. Cal.) concluded that in-kind relief was not a coupon because it "does not require class members to spend money in order to realize the settlement benefit."  Browning, 2007 WL 4105971, at *5.  Other courts disagree.  In Fleury v. Richemont North America, Inc., 2008 WL 3287154 (N.D. Cal.), for instance, the court stated that a coupon could encompass a "noncash benefit" that "allows a

consumer to buy an entire product." Fleury, 2008 WL 3287154, at *2.  Nonetheless, because much of the merchandise at Children's Place stores is priced for purchase at ten dollars or less, class members do not need to spend money in order to realize the settlement benefit.

Accordingly, the Court finds that the ten dollar certificate is not a coupon and thus does not trigger the provisions of 8 U.S.C. § 1712.  Moreover, as the parties point out, unlike Inkjet, which involved a nationwide class with multiple claims, the instant settlement involves a California class and a single state law claim under California Civil Code § 1747.08.  The parties note that California law provides an independent statutory basis for the award of attorneys' fees in cases resulting in the "enforcement of an important right affecting the public interest." Cal. Code Civ. Proc. § 1021.5.  Fees awarded pursuant to § 1021.5 are determined under the lodestar method.  In addition, here, class members suffered no actual out-of-pocket economic loss.  The Court reviews Plaintiffs' request for attorneys' fees under the lodestar method.

B.    Calculation of Attorneys' Fees

The parties have agreed that class counsel will receive $335,000.00 in attorneys' fees and costs.  Rule 23(h) of the Federal Rules of Civil Procedure provides, "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."  Attorneys' fees provisions included in proposed class action agreements must be "fundamentally fair, adequate and

reasonable." <u>In re Bluetooth Headset Products Liab. Litig.</u>, 654 F.3d 935, 941 (9th Cir. 2011).

Reasonable attorney's fees must be calculated using the "lodestar" method. "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 363 (9th Cir. 1996).

Here, pursuant to the Court's request on November 7, 2013, class counsel provided an alternative calculation reducing the hourly fee of $675.00 to $650.00 and adjusting the lodestar. Docket No. 80 at 4.  Class counsel's adjusted lodestar including unreimbursed costs is $404,455.63 through August 27, 2013.  The new lodestar amount remains higher than the $335,000.00 amount sought.

Having reviewed the evidentiary materials Plaintiffs have provided, the Court finds that the reduced hourly rates are reasonable.  Counsel's hours are supported with declarations and detailed time records setting forth the hours expended, categories of the hours expended, and the dates on which the time was expended.  The Court finds that a $335,000.00 award for class counsel's fees, costs and expenses of litigation is reasonable.

C.      Fees, Expenses, and Incentive Award Payments

The Court grants Plaintiffs' unopposed request of $2,750 incentive payments to compensate class representatives Galina Seebrook, Maria Isabel Beltran, Nicolle DiSimone, Kristen Hartman and Mario Arellano for their services as court appointed class representatives.  The awards are reasonable given the amount of time and effort that they have spent in litigating this case.

United States District Court
For the Northern District of California

1    Based on the foregoing, IT IS ORDERED that Plaintiffs' motion
2 for attorneys' fees and costs is granted.

3

4    IT IS SO ORDERED.

5 Dated: 12/4/2013



CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California